**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ALUMINUMSOURCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-07-231 EMD CCLD |
| | ) | |
| LLFLEX, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 7, 2021
Decided: June 14, 2021

### ORDER REFUSING TO CERTIFY LLFLEX, LLC'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

This 14th day of June, 2021, upon consideration of Defendant's Application for Certification of Interlocutory Appeal (the "Application")[1] filed by Defendant LLFlex, LLC ("LLFlex") on May 28, 2021;[2] Plaintiff's Response in Opposition to Defendant's Application for Certification of Interlocutory Appeal (the "Response") filed by Plaintiff AluminumSource, LLC ("AluminumSource") on June 7, 2021;[3] the Court's Opinion[4] dated January 21, 2021 (the "First Opinion");[5] the Court's Opinion[6] dated May 19, 2021 (the "Second Opinion");[7] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the First Opinion.
[2] D.I. No. 104.
[3] D.I. No. 105.
[4] D.I. No. 92.
[5] *AluminumSource, LLC v. LLFlex, LLC, 2021 WL 211142* (Del. Super. Sept. 22, 2020).
[6] D.I. No. 101.
[7] *AluminumSource, LLC v. LLFlex*, LLC, 2021 WL 1997893 (Del. Super. May 19, 2021).

**INTRODUCTION**

1.     This civil action initially involved a claim for fraudulent inducement and for breach of the Membership Unit Purchase Agreement ("MUPA").  AluminumSource alleged that LLFlex[8] made several intentional misrepresentations in the Estimated Working Capital statement and that these misrepresentations induced AluminumSource to enter the MUPA. AluminumSource also claimed that LLFlex breached the contract by withholding annealing racks and the full-time services of Jack White.

2.     AluminumSource filed its Complaint against LLFlex on July 24, 2018.  The Court granted a motion to dismiss without prejudice on January 10, 2019.  AluminumSource then filed an Amended Complaint on January 28, 2019.  The Amended Complaint contained two claims for relief: (i) Fraud in the Inducement (Count I); and (ii) Breach of Contract (Count II).  On February 12, 2019, the Court denied Oracle's second motion to dismiss on the record.

3.     After discovery, LLFlex filed a motion for summary judgment.  The Court granted summary judgment in favor of LLFlex on Count I.  In the First Opinion, however, the Court ordered a status conference with the parties to address why Count I could not be amended to conform with the facts developed in the litigation.  The Court believed that LLFlex had notice that AluminumSource contended LLFlex breached Section 2.4; however, AluminumSource had alleged the breach in the form of a fraudulent inducement claim instead of a breach of contract claim.  The Court felt an amended breach of contract claim could be put before a fact finder without further discovery.

---

[8] The original defendant was Oracle Flexible Packing, Inc. ("Oracle").  Oracle is the predecessor by merger of LLFlex. The Court granted Aluminum's motion to substitute LLFlex for Oracle as the real party of interest on April 18, 2019.

2

4.	Aluminum filed a motion for leave to amend (the "Motion").  LLFlex opposed the Motion, arguing that amendment would visit prejudice on LLFlex.  LLFlex also contended that, as amended, Aluminum did not assert a breach of contract claim but was seeking arbitration under Section 2.4.  LLFlex provided affidavits that indicated that an additional 13 depositions would need to be taken.

5.	As set out more fully in the Second Opinion, the Court reviewed the [Proposed] Second Amend Complaint.  The Court found that AluminumSource made minor changes to the Amended Complaint, mostly by deleting misrepresentations allegations and adding "intentional" breach allegations.[9]   The Court notes that AluminumSource alleges no new substantive facts—*i.e.*, the facts relied upon to support the amended claim were already contained in the Amended Complaint.[10]  The Court struck AluminumSource's claim for punitive damages.

6.	The Court considered LLFlex's claims of prejudice but did not find that the prejudice was such as to prohibit the relief sought.  The Court observed that the [Proposed] Second Amended Complaint pled no new facts.  In addition, the Court highlighted that that the argument that Court I was a breach of contract claim was raised in this case from the outset.  The Court granted LLFlex the right to an additional deposition of (i) any expert that AluminumSource intends to rely upon at trial for its breach of contract claim, including on the issue of damages; and (ii) a Civil Rule 30(b)(6) deposition of an AluminumSource representative so long as the deposition related to Count I as a breach of contract claim.

7.	LLFlex has now applied, under Rule 42, for certification of LLFlex's interlocutory appeal of the Second Opinion—the Court's decision granting AluminumSource's motion to amend the Amended Complaint under Civil Rule 15.  LLFlex contends that the Second

---

[9] *See* [Proposed] Second Amended Complaint at ¶¶ 87-89.
[10] *See, e.g.,* [Proposed] Second Amended Complaint at ¶¶ 81-82.

Opinion somehow relates to a decision on the merits of the case because it permits a new claim that "has not and will not be subjected to fulsome discovery."[11] LLFlex claims that the Application meets the criteria listed in Rules 42(b)(i)[12] and 42(b)(iii)(H).[13] AluminumSource opposes certification, arguing that the Second Opinion does not decide a substantial issue of material importance[14] and satisfies none of the Rule 42(b)(iii) factors.[15]

## APPLICABLE STANDARD

8.        Rule 42(b) dictates the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[16] In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[17] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[18] "If the

---

[11] App. at ¶¶ 15, 16.
[12] *Id.*
[13] *Id.* at ¶¶ 17-24.
[14] Res. at 9-13.
[15] *Id.* at 13-20.
[16] Del. Supr. Ct. R. 42(b)(i).
[17] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
(A) The interlocutory order involves a question of law resolved for the first time in this State;
(B) The decisions of the trial courts are conflicting upon the question of law;
(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or
(H) Review of the interlocutory order may serve considerations of justice. *See* Del. Supr. Ct. R. 42(b)(iii).
[18] *Id.*

4

balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[19]

## DISCUSSION

9.      Initially, the Court must determine if the Second Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[20]  The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[21]  LLFlex contends the Court abused its discretion in granting relief under Civil Rule 15 when the Court failed to find that LLFlex's purported prejudice outweighed the finding that there was no evidence of undue delay, bad faith, or dilatory motive on part of AluminumSource, or repeated failures to cure deficiencies.  LLFlex then claims that allowing the amendment means a trial on a claim with no discovery.

10.      The Court disagrees with LLFlex's claim that the Second Opinion decides a substantial issue of material importance.  The Second Opinion does not decide the merits of any claim asserted by AluminumSource or LLFlex.  Instead, the Second Opinion relates to the discretionary power of the Court to allow an amendment under Rule 15 prior to trial.  The First Opinion relates to the merits of the civil action.  There, the Court granted summary judgment in favor of LLFlex on the fraudulent inducement claim.  The merits of Count I in the [Proposed] Second Amended Complaint has yet to be adjudicated.

11.      The Court exercised its discretion when determining whether a proposed amendment satisfies the requirements set forth in Civil Rule 15.[22]  The Court did not make any decision on the merits but merely allows the filing of the [Proposed] Second Amended

---

[19] *Id.*
[20] *Id.* 42(b)(i).
[21] *Id.*
[22] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 264 (Del. 1993).

5

Complaint. The Court considered LLFlex's arguments regarding prejudice but discounted them given the facts of the case and the minimal amendments to be made. LLFlex has been able to conduct discovery on all facts asserted in the [Proposed] Second Amended Complaint as no new facts have been alleged. Moreover, the Court granted LLFlex additional discovery.

12. On the threshold requirement of a substantial issue of material importance, alone, the Court would deny certification of the Application. For completeness, however, the Court will also consider the factors set forth in Rule 42(b)(iii).

13. The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits ... outweigh the probable costs, such that interlocutory review is in the interests of justice."[23] Here, LLFlex only argues that Rule 42(b)(iii)(H) applies and the Court should certify the interlocutory appeal.

14. The Application fails to satisfy any of the factors set out in Rule 42(b)(iii). The Second Opinion does not create a conflict among the trial courts. The Second Opinion does not involve any issue related to the interpretation of a Delaware statute that should be addressed by the Supreme Court prior to trial. The Second Opinion does not implicate the controverted jurisdiction of the Court. The Second Opinion does not reverse or set aside a prior decision or judgment of the Court. Moreover, an interlocutory appeal will not terminate this civil action because Count II remains to be tried.

15. An interlocutory appeal, at this stage, will not serve the considerations of justice. LLFlex, despite its arguments, has not been deprived of due process by the amendment. Amended Count I will not be tried without discovery. AluminumSource has not asserted any

---

[23] Del. Supr. Ct. R. 42(b)(iii).

new facts in connection with the amended Count I and LLFlex has had an opportunity to conduct discovery on these facts. Moreover, the Court granted LLFlex some additional discovery.

16. The Court fails to see how certification would promote the most efficient and just schedule to resolve this case. Even if an interlocutory appeal may resolve Count I, the Court does not find that any of the eight factors warrant granting LLFlex's certification request when considering the totality of the circumstances. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[24] This case is not exceptional despite the amount in controversy. The Court notes that other procedural devices—like Civil Rule 55(b)—might be more appropriate than having the Court certify interlocutory appeals after it grants summary judgment on a discreet count of a complaint.

17. For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. The Second Opinion does handle a discrete issue of this litigation but will not terminate this litigation entirely. The issue does not involve novel legal principles applied for the first time in Delaware. "If the balance [of these considerations] is uncertain, the [Court] should refuse to certify the interlocutory appeal."[25] Accordingly, the Court finds that LLFlex has not met Rule 42's strict standards for certification.

---

[24] Del. Supr. Ct. R. 42(b)(ii).
[25] Del. Supr. Ct. R. 42(b)(iii).

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of

Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated: June 14, 2021
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge